IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

THE THOMPSONS FILM, LLC,

                Plaintiff,

vs.

DOES 1-23,

                Defendants.

Civil Action No.  4:13-cv-577 RWS

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DOE #5'S MOTION TO QUASH**

COMES NOW Plaintiff, The Thompsons Film, LLC ("The Thompsons") and responds to Doe Defendant's (IP address 75.133.146) ("Doe #5") Motion To Quash.  Dkt. No. 18[1].  Plaintiff respectfully asks that this Court deny Defendant Doe #5's request.

The Thompsons Film, LLC is a developer, producer, and distributor of motion pictures and television shows and invested a significant amount of time and resources in producing the film "The Thompsons."  Plaintiff has been damaged by Doe #5's downloading of Plaintiff's work without compensation or permission.  Plaintiff has brought this lawsuit in order to stop the infringement of its valuable copyrights and exclusive licensing and distribution rights.  In similar cases, this Court has previously recognized that in order to pursue these rights Plaintiff should be allowed "to obtain information from internet service providers regarding the identity of the owners of IP addresses which were allegedly used to impermissibly download" Plaintiff's movie. *See e.g.*, *R&D Film 1, LLC v. Does 1-39*, Case No. 4:12cv1742, Dkt. Nos. 20, 21, 22 (May 6,

---

[1] A comparison of the IP address listed in Dkt. No. 18 and Exhibit B to Complaint (Dkt. No. 1-2), Plaintiff believes the letter comes from Doe No. 5.

2013) (Sippel, J.).[2]  Doe #5 seeks to deny Plaintiff's rights by making an omnibus motion to avoid liability for his/her infringement.  As set forth below, Doe #5's kitchen sink approach to motion practice should be disfavored, and Doe #5's relief should be denied.

I.  **PLAINTIFF HAS PROPERLY JOINED ALL DEFENDANTS**

All Does in this action infringed Plaintiff's copyright in the movie "The Thompsons." Each of the Does in this lawsuit downloaded the exact same movie, the exact same file and did so in the exact same manner.  Specifically, Plaintiff has identified the unique hash tag associated with the file downloaded by the Does.  Each of the Does downloaded the same file.  Each of the Doe's conduct caused the same damage to Plaintiff – infringement of its copyright and loss of profit that Plaintiff would have otherwise realized as a result of its investment and production of "The Thompsons."  As a result of this concerted effort, Plaintiff seeks the exact same right of relief against each of the Does – permanent injunctions and compensation for infringement of its copyright.  Accordingly, the Doe Defendants' actions bear "logical relationship to one another" and feature "the same factual issues [or] the same factual and legal issues." *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc*., 292 F.3d 384, 390 (3d Cir. 2002) (interpreting the relationship of compulsory counterclaims under Rule 13, which must arise out of the same transaction or occurrence). The claims against each defendant are logically related because they feature largely duplicative proof regarding the nature of BitTorrent, the plaintiff's ownership interest in the copyright for the Work, and the forensic investigation conducted by the plaintiff.  These common questions of fact are likely to arise along with the legal standards for

---

[2] In the interests of fairness and candor, Plaintiff recognizes that other Judges within this jurisdiction have held otherwise.  *See e.g.*, *Purzel Video GMBH v. Does 1-67*, 4:13-cv-00450, 2013 WL 3941383 (E.D. Mo. July 31, 2013); *PHE, Inc. v. Does 1-27*, 4:13-cv-00480 , 2013 WL 3811143 (E.D. Mo. July 22, 2013); *reFX Audio Software, Inc. v. Does 1-97*, 4:13-cv-00409, 2013 WL 3766571 (E.D. Mo. July 16, 2013).  Plaintiff believes the case is more closely aligned with the *R&D Films 1* case and requests the Court adopt its prior reasoning with regard to the instant motion.

direct and contributory copyright infringement liability. The joining of the 23 defendants that have these elements in common will, at this point, prevent a multiplicity of lawsuits. Thus, the requirements of Rule 20(a)(2) are met, and its purposes furthered.

The general policy of the rules regarding joinder is "toward entertaining the broadest possible scope of action consistent with fairness to the parties," and joinder "is strongly encouraged." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966); *see also, Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009) (quoting *Gibbs*). The purpose of Rule 20(a) is "to promote trial convenience" and prevent a multiplicity of lawsuits. However, severance of parties where joinder is not required is committed to the court's discretion if it finds that the objectives of the rule are not fostered, or that joinder could "result in prejudice, expense or delay." 7 Charles Alan Wright, et al., Federal Practice & Procedure § 1652 (3d ed. 2001). Courts faced with allegations of copyright infringement brought against multiple unnamed defendants based on the use of BitTorrent have found that joinder is appropriate. *See e.g., Hard Drive Prods., Inc. v. Does 1-55*, No. 11-2798, 2011 WL 4889094, at *5 (N.D. Ill. Oct. 12, 2011) (joinder appropriate); *Donkeyball Movie, LLC v. Does 1-171*, 810 F. Supp. 2d 20, 27-28 (D.D.C. 2011) (same).

The cases cited in Doe #5's motion are from non-controlling jurisdictions, and, importantly are all factually distinguishable. Notably, Doe #5 cites cases that are based on old technology *see LaFace Records, LLC v. Does 1-38*, No. 07-298, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008); alleged violations of multiple copyrighted works rather than a single work, *see BMG Music v. Does 1-203*, No. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004). Further, Doe #5 suggests that the variety of defenses that could be raised by the Doe defendants renders joinder inappropriate because it will not foster judicial economy or promote the efficient

3

resolution of the claims in this case.  Dkt. No. 18 at 2-3 (*citing BMG Music v. Does 1-203*, No. 04- 650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004)).  However, no defenses have been raised to date in this case, and indeed, consolidating early discovery for the purpose of determining the scope of claims and defenses will foster judicial economy.

Moreover, at this stage of litigation, joinder will not result in prejudice to any defendant or result in needless delay.  Indeed, severance of the action as requested by Doe #5 would require the filing of separate actions and the issuance of new subpoenas on the internet service providers serving the IP addresses in this case in order to identify each defendant.  Neither of these steps would "secure the just, speedy, and inexpensive determination" of the action. Fed. R. Civ. P. 1. No defendant will be prejudiced by joinder at this stage, as none has been served in the matter or required to respond to the complaint.  Instead, the defendants may benefit from joinder by permitting them to obtain the same discovery from the plaintiff or allowing them to see any defenses raised by other Doe defendants.  *See Call of the Wild Movie, LLC v. Does 1- 1062*, 770 F. Supp. 2d 332, 344 (D.D.C. 2011) (*citing London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 161 (D. Mass. 2008)).  The defendants may challenge the appropriateness of joinder later in the proceeding.  Thus, as the movant, Doe #5 has failed to meet its burden showing that joinder is improper.  Accordingly, Doe #5's motion to dismiss or sever should be denied.

## II.     DOE #5's MOTION TO QUASH SHOULD BE DENIED

Under Fed. R. Civ. P. 45, a court may quash or modify a subpoena if it requires disclosure of "a trade secret or other confidential research, development, or commercial information" or requires a nonparty to "incur substantial expense."  Further, a court may modify a subpoena if the serving party "shows a substantial need for the testimony or material that

4

cannot otherwise be met without undue hardship." Fed. R. Civ. P. 45(c)(3). None of Doe #5's arguments raise valid grounds for quashing the subpoena served on Charter.

Plaintiff sued Defendants as "Doe" Defendants because Defendants committed their infringements using on-line pseudonyms ("user names" or "network names"), not their true names. As stated in its memorandum in support of its motion for expedited discovery, Plaintiff outlined the extensive and sophisticated efforts it has employed to identify infringers. Plaintiff has brought the instant lawsuit targeting specific individuals who downloaded the exact same movie, the exact same file and did so in the exact same manner. Plaintiff has only been able to identify the Doe Defendants by their Internet Protocol ("IP") address and the date and time of alleged infringement. Plaintiff has specifically identified the steps taken to identify Defendants' true identities. Plaintiff has obtained each Defendant's IP address and the date and time of the Defendant's infringing activities, has traced each IP address to specific ISPs, and has made copies of the Motion Picture each Defendant unlawfully distributed or made available for distribution. Therefore, Plaintiff has obtained all the information it possibly can about the Defendants without discovery from the ISPs. Further, Plaintiff will only use this information to prosecute its claims. Without this information, Plaintiff cannot pursue its lawsuit to protect its Motion Picture from past and ongoing, repeated infringement. Moreover, proceeding with discovery to obtain the identity of Doe defendants so that they may be served is proper and within the scope of permissible discovery.

Doe #5 argues that the subpoena is unduly burdensome and should be quashed and that Charter should not be required to provide any identifying information for any of the Doe defendants because allegedly Plaintiff and the ISP cannot determine, without further investigation, precisely which user was actually responsible for the infringement alleged in the

5

Complaint. Doe #5's arguments appear to relate to the merits of the case rather than the appropriateness of disclosure of identifying information. To that end, Does #5's motion contains mere conjecture that the subscriber "could be an innocent person whose Internet access was abused" by a third party. Dkt. No. 18 at 2.

These arguments misconstrue the subpoena. The subpoena does not subject Doe #5 to an undue burden. Plaintiff is seeking only information sufficient to identify the person or persons responsible for each IP address at the date and time listed in the subpoena— information that the ISP admits it already has. The Court should reject Doe #5's attempt to re-interpret the subpoena language so as to require the ISP to avoid complying with it altogether. Doe #5's hypothetical arguments are un-related to the propriety of enforcing the subpoena. Importantly, Doe #5 does not provide a basis for the Court to overturn its prior Order which explicitly authorized the discovery that Plaintiff seeks in this case. Instead, these arguments relate to the merits of the case and should be raised at the appropriate time in this litigation. This jurisdiction has determined that "denials of liability" are "simply not relevant as to the validity or enforceability of a subpoena." *See e.g.*, *R&D Films 1, LLC v. Does 1-33*, N. 4:12-cv-174, Dkt. No. 16 (E.D. Mo. Feb. 13, 2013)(Perry, J.) (*citing Hard Drive Prods. V. Does 1-48*, 2012 WL 2196038, at *4 (N.D. Ill. June 14, 2012).

Further, Courts have routinely rejected similar privacy arguments. Notably, the Doe Defendants have no legitimate expectation of privacy in the subscriber information they provided to the ISPs, much less in downloading and distributing the copyrighted Motion Picture without permission. *See, e.g., R&D Films 1, LLC v. Does 1-33*, N. 4:12-cv-174, Dkt. No. 16 (E.D. Mo. Feb. 13, 2013)(Perry, J.) (Noting that a Doe "does not have a legitimate expectation of privacy to information that he voluntarily disclosed to his ISP.")(*citing Achte/Neunte Boll Kino*

6

*Beteiligungs Gmbh & Co. v. Does 1-4,*577, 736 F. Supp. 2d 212, 216 (D.D.C. 2010)).*Interscope Records v. Does 1-14*, 558 F. Supp. 2d 1176, 1178 (D. Kan. 2008) (a person using the Internet to distribute or download copyrighted music without authorization is not entitled to have their identity protected from disclosure under the First Amendment); *see also, Arista Records, LLC v. Does 1-19*, 551 F. Supp. 2d 1, 8-9 (D.D.C. 2008) (Kollar-Kotelly, J.) (finding that the "speech" at issue was that doe defendant's alleged infringement of copyrights and that "courts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights"); *Guest v. Leis*, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); *Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004) ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission"); *Arista Records, LLC v. Doe No. 1*, 254 F.R.D. 480, 481 (E.D.N.C. 2008); *U.S. v. Hambrick*, 55 F. Supp. 2d 504, 508 (W.D. Va. 1999), *aff'd*, 225 F.3d 656 (4th Cir. 2000). This is because a person can have no legitimate expectation of privacy in information he or she voluntarily communicates to third parties.  *See, e.g., Smith v. Maryland*, 442 U.S. 735, 743-44 (1979); *U.S. v. Miller*, 425 U.S. 435, 442-43 (1976); *Couch v. U.S*., 409 U.S. 322, 335-36 (1973); *Guest*, 255 F.3d at 335; U.*S. v. Kennedy*, 81 F. Supp. 2d 1103, 1110 (D. Kan. 2000); *Hambrick*, 55 F. Supp. 2d at 508.

Although Defendants copied and distributed the Motion Picture without authorization using fictitious user names, their conduct was not thus anonymous.  Using publicly available technology, the unique IP address assigned to each Defendant at the time of infringement can be readily identified.  When Defendants entered into a service agreement with the ISPs, they

7

knowingly and voluntarily disclosed personal identification information to it.  As set forth above, this identification information is linked to the Defendant's IP address at the time of infringement, and recorded in the ISP's respective subscriber activity logs.  Because Defendants can, as a consequence, have no legitimate expectation of privacy in this information, this Court should grant Plaintiff leave to seek expedited discovery of it.  Finally, this Court has recognized that the disclosure of identifying information is consistent with Charter's obligations under the Cable Service Privacy Act 47 U.S.C. § 551(c)(2)(B).  Dkt. No. 8.  Plaintiff has reason to believe that Doe #5 did, in fact, infringe Plaintiff's Copyright as set forth in the Complaint and Motion for Expedited Discovery and supporting memorandum.  *See* Dkt. Nos. 1, 3.  Accordingly, disclosure of Does #5's identifying information is necessary in order to protect Plaintiff's rights under the Copyright Act as set forth in the Complaint.  *See* Dkt. Nos. 1, 3.   Absent such leave, Plaintiff will be unable to protect its copyrighted Motion Picture from continued infringement.

Where federal privacy statutes authorize disclosure pursuant to a court order, courts have held that a plaintiff must make no more than a showing of relevance under the traditional standards of Rule 26.  *See e.g., Laxalt v. McClatchy,* 809 F.2d 885, 888 (D.C. Cir 1987) (court found "no basis for inferring that the statute replaces the usual discovery standards of the F.R.C.P. . . with a different and higher standard"); *Pleasants v. Allbaugh,* 208 F.R.D. 7, 12 (D.D.C. 2002).  Plaintiff clearly has met that standard, as the identity of Defendants is essential to Plaintiff's continued prosecution of this action.  Accordingly, Doe #'5's Motion to Quash should be denied.

## III.    CONCLUSION

WHEREFORE, Plaintiff The Thompsons requests that this Court deny Doe #5's Motion to Quash.  Plaintiff further asks that this Court direct Charter to disclose Doe #5's identifying information to Plaintiff.


September 13, 2013                                            Respectfully submitted,

                                                              HARNESS, DICKEY & PIERCE, P.L.C.

                                                              /s/ Joel R. Samuels
                                                              Matthew L. Cutler, #46305MO
                                                              Joel R. Samuels, #63587MO
                                                              7700 Bonhomme, Suite 400
                                                              St. Louis, Missouri  63105
                                                              PHONE:  (314) 726-7500
                                                              FAX:  (314) 726-7501

                                                              ***Attorneys for Plaintiff, The Thompsons Film, LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2013, I electronically filed the foregoing document via the Court's CM/ECF system.


/s/ Joel R. Samuels